IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEIGHTON FAY,**

           **Petitioner,**

           **v.**                                            CASE NO.  14-3148-RDR

**CLAUDE MAYE,**
**Warden,**

           **Respondent.**

## MEMORANDUM AND ORDER

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas.  Having screened the materials filed, the court finds that the claims raised herein are either challenges to petitioner's federal convictions entered in another federal district court over which this court lacks jurisdiction, or successive and abusive challenges to parole revocation proceedings that in any event fail to state a claim under § 2241.[1]

Petitioner has filed a Motion for Leave to Proceed in forma pauperis together with the requisite financial information showing that this motion should be granted.

The factual background for petitioner's claims was set forth by the Tenth Circuit Court of Appeals in one of Fay's several prior similar cases as follows:

---

[1]  Local court rule requires that a § 2241 petition be submitted upon court-approved forms.  Mr. Fay has not utilized the forms, and his petition is deficient in this additional way.

1

> In 1981, Fay was convicted and sentenced on federal assault charges in the District of South Dakota. Subsequently, Fay challenged his conviction and sentence. The Eighth Circuit affirmed in part, reversed in part, and remanded for additional proceedings. Fay is currently serving the sentence that resulted from those proceedings.
>
> Approximately 20 years ago, while serving a portion of his sentence within the Eastern District of Washington, Fay filed a petition for habeas corpus with the federal district court there. Eventually, the district court determined Fay's submission was a request for relief under 28 U.S.C. § 2255 and transferred the case to the District of South Dakota.
>
> In the District of South Dakota, Fay argued his conviction and sentence were illegal, his transfer to state prison was unconstitutional, and the court in which he was tried and sentenced lacked jurisdiction over him. The District of South Dakota dismissed Fay's petition, and the Eighth Circuit affirmed the dismissal.

*Fay v. U.S.*, 389 Fed.Appx. 802, 802-03 (10th Cir. 2010). Mr. Fay alleges that he was sentenced to forty years and six months.

It is clear from the findings of the Tenth Circuit that, contrary to Mr. Fay's allegations, he is confined at the USPL for service of his 1981 federal sentence.[2] The Circuit's findings also indicate

---

[2] Fay claims that his present incarceration is "for assault charges that were dismissed by the U.S. Attorney for South Dakota on a Motion to Dismiss in the District Court." He cites "2007 CR 06-50086" as a case dated January 17, 2007, which "proves there is no charge nor (sic) legal protected right to defend against such charge in a court of law." On this basis, he claims there is no conviction for his present confinement.
   Petitioner further alleges that he was released on parole in September 2004; that same month he "was charged with escape from custody and parole revocation" based on his alleged escape; he was acquitted of the escape charge after a jury trial in South Dakota; but nevertheless, his parole was revoked, he was re-incarcerated, and, he claims, "his sentence was extended two years by the Parole Commission." In addition, he alleges that he was subsequently paroled on his mandatory release date in late 2005. However, this court has previously found that Mr. Fay violated parole rules and ultimately the Parole Commission determined that he would remain under its jurisdiction, as if on parole, until February 13, 2021. *Fay v. Chester*, 2010 WL 9462554, Case No. 08-3301 (D.Kan. Aug. 25, 2010), *affirmed*, 413 Fed.Appx. 23 (10th Cir. 2011). In 2007, the Parole Commission

that Mr. Fay filed a § 2255 motion in the sentencing court in South Dakota that was dismissed, and the Eighth Circuit affirmed.

Mr. Fay mainly attempts to challenge his 1981 federal convictions or sentence on several grounds including ineffective assistance of appellate counsel, that he was not present during his resentencing, and multiplicity of counts or double jeopardy. To the extent that these and other claims can be understood from among Fay's numerous case citations and discussions, it appears that he is again seeking to challenge his 1981 federal convictions and sentence as well as related actions of the Parole Commission on grounds that he either has, or could have, raised in prior unsuccessful actions. See *Fay v. United States*, Civ. No. 85-3977, p.3 (D.S.D. Apr. 23, 1986); *Fay v. Thornburgh*, 1992 WL 63394 (D.S.D. Mar. 24, 1992); *Fay v. Chester*, Case No. 08-3301-RDR (Aug. 25, 2010), *aff'd,* App.No. 10-3225, 2011 WL 397720 (10th Cir. Feb. 8, 2011);[3] *Fay v. United States of America*, 10-3105-SAC (March 10, 2010), appeal dismissed, App.No. 10-3073 (10th Cir. July 29, 2010). Fay also repeats his claim that he was somehow mistakenly targeted and accused of being an "A.I.M. member," which likewise appears to be a challenge to his conviction.

Not only has petitioner unsuccessfully presented these claims

---

conducted revocation proceedings upon additional charges, found that he had again violated his parole, and continued him to the expiration of his sentence. *Id.*

[3]   In this prior action, Mr. Fay unsuccessfully claimed that he "had a ten year sentence illegally imposed by the Parole Commission" when it improperly considered an allegation that Mr. Fay had stabbed his wife in 1973 and a 1981 second-degree murder charge of which he was acquitted. See *id.* at 7-8.

in prior actions and appeals, he has repeatedly been informed that these and all other challenges to his convictions may only be raised in a § 2255 motion filed in the sentencing court.  He has repeatedly been informed that this court lacks jurisdiction to hear challenges to his convictions that were entered in the District of South Dakota.  He has been repeatedly informed that since his first § 2255 motion in the sentencing court was denied and affirmed on appeal, his recourse is to seek authorization to file a successive § 2255 motion from the Eighth Circuit Court of Appeals.  Although petitioner makes a bald reference to the "savings clause," he utterly fails to state facts showing that a § 2255 motion would not have served to litigate all his current challenges to his convictions, as he must in order invoke § 2241 review under this narrow exception.  This court again holds that it lacks jurisdiction to hear challenges to Mr. Fay's 1981 federal convictions.

Petitioner's bald assertion of jurisdiction under the All Writs Act has also previously been rejected.  See *Fay v. United States of America*, 389 Fed.Appx. at 803 (affirming dismissal of Fay's action for mandamus relief in D.Kan. Case No. 10-3015).

Petitioner also seeks again to challenge the actions and authority of the U.S. Parole Commission.  His claim that he was improperly found guilty of having violated parole based upon charges that were dismissed in state criminal proceedings has no legal merit.  It is well-settled that parole may be properly revoked for violating

conditions, even if criminal charges based upon the same events are dismissed in criminal proceedings, as long as a factual basis for the violation was found during revocation proceedings. Petitioner does not show that he is being held on a "sentence" imposed by the Commission rather than that imposed in the South Dakota federal court. A parole violator term is not a new sentence. Petitioner's claims regarding his revocation proceedings are not supported by sufficient factual allegations to show a federal constitutional violation. In any event, they are also second and successive claims because Mr. Fay has unsuccessfully challenged the Commission's acts and authority in prior § 2241 actions. The court finds that this is a successive § 2241 habeas corpus application that is barred by 28 U.S.C. §§ 2244(a) and (b)(1). Any new claim included in a successive petition is likewise generally barred. See 28 U.S.C. § 2244(b)(2); *McCleskey v. Zant*, 499 U.S. 467, 489 (1991); *Lambros v. Booker*, 216 F.3d 1087 (10th Cir. 2000)(Table)("[A] second or subsequent § 2241 petition which raises a new claim, which could have been raised in an earlier petition, should be dismissed as abusive under § 2244(a), absent a showing of either cause and prejudice or a fundamental miscarriage of justice."). Thus, these claims are dismissed as successive and abusive as well as for failure to state a claim.

**IT IS THEREFORE ORDERED** that this action is dismissed as successive and abusive and for lack of jurisdiction.

**IT IS FURTHER ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that the court hereby certifies that any appeal of this matter would not be taken in good faith.

**IT IS SO ORDERED.**

**DATED:  This 11th day of February, 2015, at Topeka, Kansas.**

<u>s/RICHARD D. ROGERS</u>
**United States District Judge**